UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 10-40002 |
| Plaintiff, | \* | |
| vs. | \* | REPORT AND RECOMMENDATION |
| | \* | (Motion to Suppress) |
| KENNETH LEON STILES, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Defendant's Motion to Suppress (Doc. 11). A hearing was held on Friday, March 19, 2010. Defendant was personally present and represented by his counsel of record, Wanda Howey-Fox. The Government was represented by Assistant United States Attorney Jeff Clapper. Two witnesses testified at the hearing: FBI Special Agent Doug Heilman and Jewel Stiles. Additionally, both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. Based on a careful consideration of all of the evidence, and counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be **DENIED.**

## JURISDICTION

Defendant is charged in an Indictment with Distribution of Child Pornography and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B) and 2256(8)(A). The pending Motion to Suppress was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006 and Judge Schreier's Standing Order dated March 18, 2010.

## FACTUAL BACKGROUND

Defendant challenges the validity of a search which occurred pursuant to a warrant issued on June 18, 2009 and executed on June 23, 2009. The warrant authorized law enforcement personnel to search Defendant's house, garage, outbuildings and vehicles. As a result of that search, FBI Agents seized a computer from Defendant's auto repair shop, which is located next door to his house. The Agents subsequently obtained another warrant (the July 21, 2009 warrant) to search the auto shop computer. Defendant asserts that because the face of the first warrant erroneously contained the street address of the auto shop instead of the house, all evidence "stemming from the via the Search and Seizure warrant dated July 21, 2009" should be suppressed.

> The property to be searched is described in the caption of the June warrant as:
>
> 3403 West City Limits Road, Yankton, South Dakota, a single-story yellow house with brown trim and attached garage and outbuildings and vehicles associated therein.

*See* EX 1. Also within the supporting affidavit is the following information supplied by FBI Special Agent Michelle Behan:

> 10. I am informed by the Yankton County Sheriff's Department that Kenneth Stiles resides at 3403 West City Limits Road, Yankton, South Dakota, and operates an automobile repair shop immediately adjacent to the residence. I am further informed by the United States Postal Inspectors that Kenneth Stiles receives mail at 3403 West City Limits Road, Yankton, South Dakota.
>
> 11. On or about May 27, a drive-by surveillance of the residence was conducted and photographs were taken. Based upon the photographs, the residence and vehicles located therein are described in attachment B.

*See* EX 1A. EX 1A, Attachment B includes photos which depict both the residence (a single-story yellow house with brown trim) and the auto shop (a large blue building). Attachment B describes the location to be searched as follows:

> The property to be searched consists of the structure located at 3403 West City Limits Road, Yankton, South Dakota, a yellow, one-story house with brown trim and attached garage as well as all curtilage, appurtenances, garage, and storage facilities, to include a 2002 maroon Dodge Ram pickup bearing South Dakota license plate 7CA002 and VIN 3D7HU18Z92G200864, as well as a 1989 blue Pontiac Firebird bearing South Dakota license plate 7BY547 and VIN 1G2FW21E9KL204476.

2

Agent Heilman assisted in the execution of the search warrant on June 23, 2009. TR 8. He was accompanied by FBI Agents Michelle Behan and Matt Miller, as well as DCI Agent Todd Rodig and a Yankton County Deputy. TR 8. Heilman testified that the residence and auto repair shop sit next to each other and are located on a gravel road, surrounded by a shelter-belt of trees, not near any other neighbors or residences. TR 11-12. Agent Heilman identified EX 3 and EX 4, which are photos of the property he assisted searching on June 23, 2009. TR 10-11. He believes the photos were taken by a Yankton County Deputy. *Id.* The photos are the same photos that are referred to and attached to Behan's affidavit. Agent Heilman identified EX 6 and EX 7 which are a Google® map and a Bing® aerial photo-type map respectively as accurately depicting the Stiles property as of the date of the search. The maps depict a rural setting. The property has two driveways; one leads to the residence and the other leads to the repair shop. Both are located on a relatively isolated stretch of road. No other driveways are nearby on the same side of the road. *See* EX 7, TR 15-16.

Jewel Stiles testified that the two parcels of land (3403 for the shop and 3405 for the residence) were purchased at different times. TR 26-27. There are separate deeds and two separate real estate tax bills. TR 27. She identified copies of several pieces of mail (EX A-F) which were received at the shop, and several which were received at the residence.[1] Ms. Stiles identified several exhibits which are related to the auto shop (receipts, a blank check, and a sales tax form) indicating the correct address for the auto repair shop is 3403 West City Limits Road.[2] She also identified photographs (EX K and EX L) which depict the E911 signs which are posted by the mailbox in between the residence and the auto shop indicating there are two separate addresses for the structures.[3]

---

[1] The Court notes that EX A-F, with the exception of F which is undated, are all dated after June 23, 2009–the date of the search.

[2] Again, the dated exhibits (H, I & J) all post-date the search date of June 23, 2009.

[3] Agent Heilman testified he did not notice the E911 signs as law enforcement entered the property to search on June 23, 2009. TR 21. Ms. Stiles explained that the E911 signs are posted between the house driveway and the auto shop driveway. TR 29.

3

Law enforcement interviewed Mr. Stiles during the search which was conducted on June 23, 2009. TR 16. Mr. Stiles was in the auto repair shop. *Id.* He admitted he used computers located in both his home and his auto repair business to view and store child pornography. TR 17, EX 2A, p. 5 ¶ 7. Law enforcement personnel therefore seized computers from both the residence and the auto repair business. TR 17. Thereafter, the agents obtained a second search warrant to search the computer seized from the auto repair business. TR 18. Defendant seeks an Order "suppressing any and all of the information, statements, materials, items, things, and/or images obtained by law enforcement or stemming from the via the Search and Seizure Warrant dated July 21, 2009."[4]

The basis of Defendant's motion is that the original warrant granted permission to search Defendant's residence, with a listed address of 3403 West City Limits Road, but the correct address of his residence is 340**5** West City Limits Road. Defendant asserts that because the original search warrant listed the wrong address, it was "erroneously utilized to search the premises located at 340**5** West City Limits Road, Yankton South Dakota [therefore the Court should] suppress the any and all of the items, information, statements, materials, things, and/or images obtained by law enforcement and stemming from the via the Search and Seizure Warrant dated July 21, 2009, arising from the search of the residence located at 3405 West City Limits Road, Yankton, South Dakota, which was not the subject of the Search and Seizure Warrant dated July 21, 2009." *See* Defendant's Motion/Brief, Doc. 11, p. 3, ¶¶ 3-4.

## DISCUSSION

**Burden of Proof**

As a general rule, the burden of proof is on the defendant who seeks to suppress evidence, [United States v. Phillips, 540 F.2d 319 (8th Cir.1976)](#), but on the government to justify a warrantless search or seizure. [United States v. Bruton, 647 F.2d 818 (8th Cir.1981)](#). The standard of proof is a preponderance of the evidence. [Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)](#).

---

[4]The July 21, 2009 warrant is the second search warrant. It was obtained to search the computer seized from the repair shop.

1.	**Validity of The Stiles Residence Search on June 23, 2009 (4305 West City Limits Road)**

The Fourth Amendment to the United States Constitution protects "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Evidence seized as the result of an illegal search may not be used by the government in a subsequent criminal prosecution. "The exclusionary rule, as it is known, is a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect." [United States v. Martin, 297 F.3d 1308, 1312 (8th Cir. 2002)](citations omitted). The Fourth Amendment further provides that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

Defendant asserts the description of the place to be searched is not sufficiently particular to comport with the Fourth Amendment requirement that no warrant shall issue except those "particularly describing the place to be searched, and the persons or things to be seized. "[A]n incorrect street address of the place to be searched is not necessarily fatal." [United States v. Ridlinger, 805 F.2d 818, 819 (8th Cir. 1986)](). Instead, the two-pronged test to determine whether the place to be searched has been described with sufficient particularity is (1) whether the search warrant describes the premises with sufficient particularity to enable its location with reasonable effort; and (2) whether there is any reasonable probability that another premise might be mistakenly searched. [Id. at 819-820]().

First, the warrant describes the premises with sufficient particularity to enable its location with reasonable effort. The warrant describes the place to be searched as a "structure located at 3403 West City Limits Road, Yankton, South Dakota, a yellow, one-story house with brown trim and attached garage as well as all curtilage, appurtenances, garage, and storage facilities....." The description in the warrant which explains that the home is a yellow single story structure with brown trim and an attached garage makes the description of the place to be searched sufficiently particular to enable its location with reasonable effort, even though the street address for the residence was erroneously listed as 3403 instead of 3405.

5

Second, there is no reasonable probability that another premise might be mistakenly searched. Agent Behan's affidavit explains that on or about May 27, 2009, surveillance photos were taken for purposes of identifying the property. Agent Heilman identified EX 3 and EX 4 as the subject premises and opined that one of the local Yankton County Deputies took the photos. TR 11. EX 3 and EX 4 are the same photos which are attached to EX B of Behan's affidavit. Behan (who prepared the affidavit and who participated in the search), therefore, had reviewed the photos before she participated in the execution of the search upon Defendant's residence. Although EX B is not expressly incorporated into the warrant, Behan's reference to the photographs in her affidavit make it clear that she, one of the searching officers, knew exactly what Defendant's residence looked like before she arrived on the premises on June 23, 2009. The circumstances of the case (i.e. that (1) surveillance had been conducted and photographs were attached to the application affidavit; (2) that there were no other residences nearby, let alone residences with a neighboring auto repair shop; and (3) that the Agent who prepared the affidavit, including photographs and a detailed description of the residence, also participated in the search, eliminate any chance the wrong premises would be searched. *See [United States v. McCain, 677 F.2d 657, 661 (8th Cir. 1982)](#)* ("mistake is less likely when the premises have been under surveillance . . .a mistaken search is unlikely where, as here, the same officers both apply for and execute the warrant."). Both prongs of the test are satisfied. The warrant, and therefore the June 23, 2009 search of the Stiles residence, is valid. The information gleaned from the June 23, 2009 search, therefore, should not be suppressed.

### 2. Validity of the July 21, 2009 Search Warrant for the Computer Seized from the Repair Shop on June 23, 2009

The computer which is the subject of the July 21, 2009 search warrant was seized from the Defendant's repair shop (actual address 3403 West City Limits Road) after Defendant admitted during the June 23, 2009 interview that he had used the computer to view and store child pornography. While the repair shop bears the address which was on the face of the June warrant, Agent Behan apparently recognized that the repair shop did not fit within the particular description of the premises to be searched under the June warrant. *See* EX 2A, p.6, ¶ 10. Another warrant was obtained, therefore, to search the computer seized from the repair shop before that computer was subjected to a search. Defendant seeks to suppress the evidence found in the repair shop computer.

First, the Defendant may not pursue a "fruit of the poisonous tree"[5] argument based on his assertion that the June 23 search was invalid. For the reasons explained in Section 1 above, the June warrant was valid to search the Defendant's "single story yellow house with brown trim and attached garage and outbuildings and vehicles associated therein."

Although the repair shop computer was not seized from the property particularly described in the June warrant, law enforcement properly seized the computer and appropriately obtained a separate warrant before searching its contents. Once Defendant admitted the auto shop computer contained child pornography, the Agents had probable cause to seize it *without* a warrant.

> Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present.

*Garmon v. Foust*, 741 F.2d 1069, 1073 (8th Cir. 1984) *citing United States v. Place*, 103 S.Ct. 2637, 2641, 462 U.S. 696, 701, 77 L.Ed.2d 110 (1983). Exigent circumstances include the risk that the contraband could disappear before a warrant is obtained. *Garmon*, 741 F.2d at 1074. *See also*, *Berglund v. City of Maplewood*, 173 F.Supp.2d 935, 943 (D. Minn. 2001) (warrantless seizure justified if both probable cause and exigent circumstances–including possible loss of evidence–exist). Because the Defendant had already admitted the auto shop computer contained child pornography, there was a risk the computer would disappear if the Agents did not immediately seize it on June 23, 2009. The warrantless seizure was appropriate. Agent Behan correctly obtained a separate warrant (the July 21, 2009 warrant) to search the auto shop computer. The information gleaned from the July 21, 2009 warrant, therefore, should not be suppressed.

## CONCLUSION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Defendant's Motion to Suppress (Doc. 11) be **DENIED**.

---

[5] *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black,* 781 F.2d 665 (8th Cir. 1986)

Dated this 25th day of March, 2010.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge